UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
COURT FILE NO:  CV-

| | |
|---|---|
| **MICHAEL J SEIGAFUSE, an individual**        )<br>                    **Plaintiff**                )<br>        v.                                                        )<br>**SCOTT LOWERY LAW OFFICES, P.C.,**  )<br>**d/b/a P. SCOTT LOWERY, P.C.**               )<br>**and**                                                     )<br>**CACH, LLC**                                         )<br>                    **Defendants**            ) | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

**I.  JURISDICTION AND VENUE**

1. Jurisdiction of this Court arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. section 1692 *et seq* (hereinafter "FDCPA"), Pennsylvania Fair Credit Extension Uniformity Act, 73 Pa.C.S. 2270.1 *et seq* (hereinafter "FCEUA") and Pennsylvania Unfair Trade Consumer Protection Law, 72 Pa.C.S 201-1, *et seq* (hereinafter "UTCPL"), which prohibit debt collectors from engaging in abusive, false, deceptive, misleading and unfair practices.

2. Venue is proper in this District because the acts and transactions occurred here and Plaintiff resides within this district.

**II.  PARTIES**

3. Plaintiff, Michael J. Seigafuse ("Plaintiff"), is a natural person who resides at 8325 Algon Ave., Philadelphia, PA  19152 and is a "consumer" as that term is defined by 15 U.S.C. section 1692a(3).

4.  Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes, in this case, a credit card, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

5.  Defendant, Scott Lowery Law Offices, P.C. d/b/a P. Scott Lowery, P.C. ("Lowery"), is upon information and belief, a professional corporation located at 4500 Cherry Creek Drive south, Suite 700, Denver, CO 80246 and, at all time relevant herein, operated as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6) and FCEUA, 73 P.S. § 2270.3.and acted by and through its owners, managers, officer, shareholders, authorized representatives, partners, employees, agents and/or workmen.

6.  Defendant Lowery, at all times relevant hereto, were persons who used an instrumentality of interstate commerce or the mails in a business the principal purpose of which was the collection of debts, who regularly collected or attempted to collect, directly or indirectly, debts owed or due asserted to be owed or due another, and/or who, in the process of collecting its own debts, used a name other than its own which would indicate that a third person was collecting or attempting to collect such debts.

7.  Defendant, CACH, LLC ("CACH"), is upon information and belief, a limited liability company located at 370 17th Street, 50th Floor, Denver, Colorado 80202 and, at all time relevant herein, operated as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6) and FCEUA, 73 P.S. § 2270.3.and acted by and through its owners, managers, officer, shareholders, authorized representatives, partners, employees, agents and/or workmen.

8.      At all pertinent times, Defendant Lowery was hired by Defendant CACH and was acting on behalf of CACH to collect moneys relating to a consumer credit card that was allegedly owed by Plaintiff, and is thereby liable for the acts of Defendant Lowery, its debt collector.

### III.  FACTUAL ALLEGATIONS

9.      In or about April, 2011, Plaintiff received a collection letter from Defendant Lowery dated April 19, 2011.  A true and correct copy of the aforestated letter is attached hereto as Exhibit "A."

10.     The above referenced letter was the first communication Plaintiff received from Defendant Lowery.

11.     The letter stated, inter alia, "This is a demand for full payment because you have had ample time to pay your creditor."

12.     The letter then advised Plaintiff that he could dispute the validity of the debt.

13.     The language and formatting of Plaintiff's letter overshadows the protections afforded Plaintiff under Section 15 U.S.C. §1692g.

14.     In or about May, 2011, a woman who identified herself as Sonya called Plaintiff from Defendant Lowery's office and threatened Plaintiff with wage garnishment as well as threatening to have a judgment brought against Plaintiff.  Sonya also threatened to send the matter to the Legal Department.

15.     In July, 2011, Defendant Lowery called Plaintiff's father's home three times in one day without having been given Plaintiff's father's contact information nor given permission or consent to call Plaintiff's father.

16.     Plaintiff subsequently spoke with a representative of Defendant, who rudely refused to disclose how Defendant obtained Plaintiff's telephone number.

17.     On four separate occasions, April 25, 2011, April 28, 2011, May 24, 2011, and May 27, 2011, upon information and belief, Defendants attempted to debit Plaintiff's checking account in the amount of $150.00 without Plaintiff's permission.

18.     As a result of Defendants' attempts to debit Plaintiff's account, Plaintiff incurred $19.00 in overdraft charges.

19.     Defendants' actions, inter alia, as aforestated are deceptive, false and misleading under the FDCPA in that:

    a.     Defendants used coercive tactics such as threatening to obtain a judgment without even having filed a lawsuit and without intending to do so;

    b.     Defendants threatened Plaintiff with wage garnishment, which is not legal in the Commonwealth of Pennsylvania;

    c.     Defendants called Plaintiff's father's home repeatedly without Plaintiff's consent or permission for purposes other than to confirm location information;

    d.     Defendants attempted to debit funds from Plaintiff's bank account without Plaintiff's consent or permission and without first notifying Plaintiff of its intent to debit said funds.

    e.     Defendant's April 19, 2011 letter overshadows the protections afforded Plaintiff under Section 1692g of the FDCPA.

## IV. CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. section 1692, et seq.

20.     Plaintiff incorporates his allegations of paragraphs 1 through 19 as though set forth at length herein.

21.     Defendants' actions as aforestated are false, deceptive, material and misleading to Plaintiff as follows:

   (a)     Defendants violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person.

   (b)     Defendants violated 15 U.S.C. § 1692e by making false, deceptive, or misleading representation or means in connection with the debt collection.

   (c)     Defendants violated 15 U.S.C. § 1692e(4) by representing that non-payment of any debt will result in the garnishment of wages.

   (d)     Defendants violated 15 U.S.C. § 1692e(5) by threatening to take any action that cannot legally be taken or that is not intended to be taken.

   (e)     Defendants violated 15 U.S.C. § 1692f by using any unfair or unconscionable means to collect or attempt to collect the alleged debt.

   (f)     Defendants violated 15 U.S.C. § 1692f(1) by attempting to collect any amount not authorized by the agreement creating the debt or permitted by law.

   (g)     Defendants violated 15 U.S.C. § 1692f(5) by causing any charges to be made to the consumer, e.g. overdraft fees.

   (h)     Defendants violated 15 U.S.C. § 1692g by using language that overshadowed the validation information.

22.     As a direct and proximate result of the Defendants' illegal collection efforts, Plaintiff has suffered damages in the form of attorney's fees, costs and expenses.

23.     As a direct and proximate result of Defendants' illegal collection efforts and communications, Plaintiff has suffered mental anguish, emotional distress, anger, anxiety, and frustration, fear, embarrassment and humiliation.

24.     Plaintiff has been seriously damaged by Defendants' violations of the FDCPA and is entitled to actual damages, compensatory damages, costs and attorneys fees.

25.     As a result of the foregoing violations of the FDCPA, Defendants are liable to Plaintiff for actual damages, statutory damages, attorney's fees and costs in accordance with 15 U.S.C. § 1692k.

## CLAIMS FOR RELIEF

26.     Plaintiff incorporates by reference paragraphs 1 through 25 of this Complaint as though fully set forth herein.

27.     The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692, et seq.

28.     As a result of each of Defendants' violations of the FDCPA, Plaintiff is therefore entitled to actual damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages in amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Michael Seigafuse, prays that judgment be entered against each and every Defendant for the following:

 (1) Actual damages;

 (2) Statutory damages in the amount of $1,000.00;

 (3) Reasonable attorney's fees and costs;

 (4) Declaratory judgment that the Defendants' conduct violated the FDCPA;

 (5) Such other and further relief that the Court deems just and proper.

## COUNT II
## VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT
## (FCEUA, 73 Pa. C.S § 2270.1, et. seq.

29. Plaintiff incorporates his allegations of paragraphs 1 through 28 as though set forth at length herein.

30. Defendants violated FCEUA, 73 P.S. § 2270.4(a), because any violation of FDCPA by a debt collector, as set forth above, constitutes an unfair or deceptive debt collection act or practice under FCEUA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Michael Seigafuse, prays that judgment be entered against each and every Defendant for the following:

 (1) An Order declaring that Defendants violated the FCEU;

 (2) Actual damages;

 (3) Treble damages;

 (4) Reasonable attorney's fees and costs;

 (5) Such other and further relief that the Court deems just and proper.

## COUNT III
## VIOLATIONS OF PENNSYLVANIA UNFAIR TRADE CONSUMER PROTECTION LAW
## ("UTCPL"), 73 Pa. C.S § 201-1, et. seq.

31. Plaintiff incorporates his allegations of paragraphs 1 through 27 as though set forth at length herein.

32. Defendants violated UTPCPL, because, pursuant to FCEUA, 73 P.S. § 2270.5(a), any unfair or deceptive debt collection act or practice under FCEUA by a debt collector or credit, as set forth above, constitutes a violation of UTPCPL.

33. Other unfair or deceptive acts or practices defined as such in 73 P.S. §201-2(4) committed by Defendants include, but are not limited to, the following:

Defendant engaged in fraudulent or deceptive conduct which would create the likelihood of confusion or of misunderstanding.

34. Pursuant to UTPCPL, 73 P.S. § 201-3, such acts and practices are unlawful.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Michael Seigafuse, prays that judgment be entered against each and every Defendant for the following:

(1) An Order declaring that Defendants violated the UTCPL

(2) Actual damages;

(3) Treble damages;

(4) Reasonable attorney's fees and costs;

(5) Such other and further relief that the Court deems just and proper.

## V.  DEMAND FOR JURY TRIAL

35. Plaintiff incorporates his allegations of paragraphs 1 through 34 as though set forth at length herein.

36. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7.Fed.R.Civ.P.38.

        Respectfully submitted,

        Mpf8441/s/*Michael P. Forbes*
        _____
        Law Office of Michael P. Forbes, P.C.
        By: Michael P. Forbes, Esquire
        Attorney for Plaintiff
        Attorney I.D.#55767
        200 Eagle Road
        Suite 220
        Wayne, PA 19087
        (610 293-9399
        (610)293-9388 (Fax)
        michael@mforbeslaw.com

        *Attorney for Plaintiff, Michael Seigafuse*